IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MARTHA L.,[1] | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 1:20-CV-00003-H-BU |
| | § |
| ANDREW M. SAUL, | § |
| Commissioner of Social Security, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Martha L. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision should be reversed and remanded for reconsideration.

I. BACKGROUND

Plaintiff alleges disability beginning July 27, 2017, due to a variety of ailments, including Alzheimer's disease, dizziness with headaches, getting words mixed up and forgetfulness, acid reflux, hands trembling, difficulty holding objects and writing, depression, diabetes, high cholesterol, and high blood pressure. Tr. 51–52. Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") on July 27, 2017. Tr. 51. Plaintiff's DIB application was denied

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

initially and upon reconsideration. Tr. 78–82, 84–87. Plaintiff challenged the denials and requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff's request for a hearing was granted.

The ALJ held an administrative hearing on February 21, 2019, where Plaintiff was represented by an attorney. *See* Tr. 24–50. Plaintiff and a vocational expert ("VE") offered testimony at the hearing. Plaintiff was 63 years old at the time of the hearing. Tr. 28. She has a high school equivalency diploma and completed some community college courses. Tr. 29. Plaintiff has past work experience as a dispatcher and customer service representative/information clerk. Tr. 30. Plaintiff alleges she stopped working in 2017 when her employer informed her that she was making too many mistakes related to her memory, and that she was going to be fired unless she retired or quit. Tr. 32.

Ultimately, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled, and therefore not entitled to disability benefits. *See* Tr. 8–22. The ALJ's decision followed the five-step sequential evaluation process.[2] 20 C.F.R. § 404.1520(a)(4). At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her the alleged disability onset date, July 27, 2017 to her date of last insured, September 30, 2018. Tr. 13. At step two, the ALJ found that Plaintiff had the severe impairments of diabetes mellitus with neuropathy and hypertension. Tr. 14. The ALJ further determined that Plaintiff's neurocognitive disorder, gastroesophageal reflux disease, anxiety, and depression were non-severe impairments. *Id*.

---

[2] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments met or equaled the severity of one of the impairments listed in the Social Security regulations. Tr. 15. The ALJ then determined at step three that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except she can frequently handle and finger bilaterally." *Id*. At step four, the ALJ found Plaintiff capable of performing her past relevant work as a dispatcher and information clerk and therefore not disabled. Tr. 18. The ALJ relied on the testimony of the VE in making this determination. Because the ALJ found Plaintiff disabled at step four, the ALJ did not proceed to step five, and made no alternative findings as to whether Plaintiff could perform other work that exists in in the national economy.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Appeals Council denied review on November 8, 2019. Tr. 1–4. Therefore, the ALJ's decision is the final decision of the Commissioner and is properly before this Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) ("[T]he Commissioner's final decision necessarily includes an Appeals Council's denial of a claimant's request for review.").

Plaintiff then timely filed this action in federal district court.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues *de novo*, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that she is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant

from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. Put another way, Plaintiff

"must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

### III. DISCUSSION AND ANALYSIS

Through this appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence and did not employ the proper legal standards. Dkt. No. 26 at 10. Plaintiff objects to the Commissioner's decision on two grounds. First, Plaintiff alleges that the ALJ failed to incorporate Plaintiff's mental limitations into the RFC determination. *Id*. at 1. Second, Plaintiff contends the ALJ erred in failing to explain his rejection of the State agency psychological consultants' limitations which allegedly support a severe mental impairment. *Id*. Plaintiff requests remand for further administrative proceedings. *Id*. at 21.

The undersigned finds that remand for further administrative proceedings is warranted based on the first issue alone.

A. <u>The ALJ erred in determining Plaintiff's RFC.</u>

An individual's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *1, *3–*5 (S.S.A. July 1, 1996). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." *Id*. at *1. Paragraphs (b), (c), and (d) relate to physical, mental, and other abilities.

When assessing mental impairments, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and pressures in a work setting. 20 C.F.R. § 404.1545(c). The ALJ uses the "paragraph B criteria" to rate the severity of a claimant's mental limitations in the following functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id*. § 404.1520a(c)(3); *see id*. Part 404, Subpart P, Appendix 1. Additionally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 404.1545(d).

The RFC determination falls solely to the ALJ, who is responsible for resolving any conflicts in the evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam). The ALJ is not required to expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). Nor is an ALJ required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Prior to determining Plaintiff's RFC, the ALJ concluded at step two that Plaintiff suffered from the severe impairments of diabetes mellitus with neuropathy and hypertension. The ALJ further determined at step two that Plaintiff's gastroesophageal reflux disease, neurocognitive disorder, anxiety, and depression were not severe. Before proceeding to the RFC analysis, the ALJ found Plaintiff to be mildly limited in her ability

to understand, remember, apply information, interact with others, concentrate, persist, or maintain pace, and adapt and manage herself. Tr. 14–15.

Notably, prior to determining Plaintiff's RFC, the ALJ explained:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listing in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental functional analysis.

Tr. 15.

The ALJ concluded that Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff can frequently handle and finger bilaterally. *Id*.

Plaintiff's RFC determination did not include mental limitations. In light of this omission, Plaintiff argues that the ALJ erred because, despite finding that Plaintiff suffered from mild limitations in mental functioning, the ALJ made no findings relating to Plaintiff's mental impairments in his RFC assessment. Dkt. No. 26 at 14–18. The Commissioner responds that the ALJ did not have a duty to include nonexertional mental limitations in the RFC assessment. Dkt. No. 27 at 4–5.

Upon review of the record, the undersigned finds that the ALJ erred in his RFC determination.

"The well-settled rule in this Circuit is that in making a determination as to disability, the ALJ must analyze both the disabling effect of each of the claimant's ailments

8

and the combined effects of all of these impairments." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (citation and quotation marks omitted). The Fifth Circuit has explained that, "'throughout the disability determination process,' the ALJ is required to consider the combined effect of any impairments 'without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Gonzales v. Berryhill*, No. 3:16-CV-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017) (quoting *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)). Even when an ALJ finds that a claimant's mental impairments are non-severe, "'the ALJ must still consider the impact of [any] non-severe impairments—either singly or in combination with other conditions—when he determines [his] RFC.'" *Gonzales v. Colvin*, No. 3:15-CV-0685-D, 2016 WL 107843, at *5 (N.D. Tex. Jan. 11, 2016) (quoting *Williams v. Astrue*, No. 3:09-CV-0103-D, 2010 WL 517590, at *8 (N.D. Tex. Feb. 11, 2010)); 20 C.F.R. 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.") "This is because even non-severe limitations may combine with other severe impairments to prevent an individual from doing past relevant work or narrow the range of work that the individual can perform." *Tusken v. Astrue*, No. 4:08-CV-657-A, 2010 WL 2891076, at *12 (N.D. Tex. May 25, 2010), *adopted by*, 2010 WL 2891075 (N.D. Tex. July 20, 2010).

Courts within this district have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are

9

non-severe. *See*, *e.g.*, *Gonzales*, 2016 WL 107843, at *6, *8 (holding that "the ALJ adequately discussed and considered the limiting effects of [Plaintiff's] mental impairments in formulating his RFC" when the ALJ's RFC analysis considered relevant mental health records, reports, and plaintiff's testimony regarding his mental impairments); *Danny R. C. v. Berryhill*, No. 3:17-CV-1682, 2018 WL 4409795, at *15–16 (N.D. Tex. Sep. 17, 2018) (finding no legal error where the ALJ declined to include mental limitations in plaintiff's RFC because the ALJ's "decision reflect[ed] that he considered Plaintiff's mental functioning when performing his RFC analysis.").

Here, the ALJ did not adequately discuss Plaintiff's mental limitations in his RFC determination. As noted above, the ALJ recognized that Plaintiff suffered from non-severe mental impairments and further assessed Plaintiff with mild mental limitations in her ability to perform basic work activities. Tr. 14–15. But the impact of these limitations remains undeveloped once the ALJ performs his RFC analysis. The ALJ's RFC analysis contains discussion and consideration of Plaintiff's physical limitations, including the medical evidence related to Plaintiff's severe impairments of diabetes mellitus with neuropathy and hypertension, as well as Plaintiff's carpal tunnel syndrome (previously unmentioned in the step-two analysis).

But absent from the ALJ's analysis is a discussion of Plaintiff's non-severe mental impairments, the mental limitations recognized by the ALJ, and the medical evidence and opinions related to Plaintiff's mental limitations. The ALJ's RFC analysis purports to be a more detailed analysis than the paragraph B determination at steps 2 and 3. But while the ALJ includes a reference to a physical examination of the neurological system, the RFC

discussion is silent as to Plaintiff's mental limitations and mental functioning. Thus, the undersigned is unable to determine whether the ALJ properly considered the restrictions of Plaintiff's non-severe mental impairments and mental limitations in determining Plaintiff's RFC.

Not only does the ALJ have a duty to fully and fairly develop the facts relating to a claim for disability benefits, *see Ripley*, 67 F.3d at 557, the ALJ must also consider "throughout the disability determination process . . . the combined effect of any impairments 'without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Loza*, 219 F.3d at 393 (quoting 20 C.F.R. § 404.1523). Here, the ALJ's failure to consider Plaintiff's non-severe impairments and mental limitations in the RFC analysis constitutes legal error. *See Gonzales*, 2017 WL 3492215, at *6 (finding, among other things, that the ALJ erred when he failed to consider and discuss the mental limitations faced by claimant in the RFC determination); *Tusken*, 2010 WL 2891076, at *11–12 (concluding that the ALJ committed legal error when finding mild difficulty in social functioning and in maintaining concentration, persistence, and pace at step three, but failing to include any mental limitation in the RFC).

While the ALJ erred in failing to consider or include Plaintiff's mental limitations in his RFC assessment, remand is not required if the error is harmless. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion

11

would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

As explained below, the ALJ's error was not harmless.

B. <u>The ALJ erred in finding Plaintiff capable of performing her past relevant work.</u>

After determining Plaintiff's RFC, the ALJ proceeded to step four of the analysis. At step four, the claimant bears the burden of showing that she cannot perform her past relevant work. *See Leggett*, 67 F.3d at 564.

If the ALJ determines that the claimant retains the RFC to perform a past relevant job, the decision must contain the following specific findings: "(1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation." *SSR: Program Policy Statement Titles II and XVI: Past Relevant Work—The Particular Job or The Occupation As Generally Performed*, SSR 82-61, 1982 WL 31387, at *1–2 (S.S.A. Jan 1., 1982); *see also Gonzales*, 2016 WL 107843, at *11. In finding that a claimant can return to his prior work, the ALJ must "directly compare the [claimant's] residual functioning capacity with the physical and mental demands of [his] previous work." *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994).

At step four an ALJ is permitted, but not required, to employ the services of a VE. 20 C.F.R. § 404.1560(b)(2) ("We may use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity."); *see also Adams v. Astrue*,

12

No. 08-0135, 2009 WL 774845, at *7 (W.D. La. Mar. 24, 2009) ("At Step Four of the sequential evaluation process, the ALJ employed a vocational expert [] to find that [the claimant] was able to return to her past relevant work.")."'The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed.'" *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (quoting *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986)).

While the ALJ is not required to rely on the assistance of a VE at step four, in this case, he did. In her testimony, the VE classified Plaintiff's past work as information clerk and dispatcher. Tr. 45. The ALJ presented a hypothetical to the VE which asked her to consider an individual of Plaintiff's advanced age with a 12th grade education. *Id*. The hypothetical included an RFC that was restricted to medium work and limited to frequent handling and fingering bilaterally. *Id*. The VE responded that such an individual could perform the work of an information clerk and dispatcher. Tr. 46. The ALJ repeated the hypothetical but added a restriction to light work, and only occasional handling and fingering bilaterally. Id. The VE confirmed that the information clerk would still fit the hypothetical. *Id*. The ALJ then posed a third hypothetical, in which the individual was off-task fifteen percent of more of the time during an eight-hour work day. Tr. 47. The VE confirmed that under those circumstances, there would be no jobs that the individual could perform. *Id*.

The ALJ relied on the testimony of the VE in determining at step four that Plaintiff could perform her past relevant work as an information clerk and dispatcher. Tr. 17.

The posing of the last hypothetical demonstrates that the ALJ's RFC determination could have been different had the ALJ properly incorporated the mental limitations Plaintiff faces into the RFC. Ultimately, based on the ALJ's decision, the undersigned is unable to determine whether and to what extent the ALJ adequately considered Plaintiff's non-severe mental impairments and any resulting mental limitations when determining Plaintiff's RFC.

Proper incorporation of mental limitations into the RFC could have resulted in a different outcome at step four. There, the ALJ was required to evaluate Plaintiff's mental impairments in the context of the mental demands of Plaintiff's past work, i.e., a finding that Plaintiff is unable to perform her relevant past work as an information clerk or dispatcher. The undersigned cannot conclude that this error is harmless.

Accordingly, the undersigned recommends that the hearing decision be reversed and remanded for further administrative proceedings. On remand, the undersigned recommends that "the interaction or cumulation of all of [Plaintiff's] mental and physical medical problems and impairments" be considered in the ALJ's determination. *Loza*, 219 F.3d at 399.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the hearing decision be REVERSED and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 27th day of July, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE